EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |2This is an appeal by Carlis Griffin, plaintiff-appellant, from a judgment dis
 
 *801
 
 missing her suit against Ariel Hampton and her insurer, defendants-appellants, in this controlled intersection collision case. For the following reasons we affirm the judgment.
 

 The facts are straightforward. Griffin was traveling east on a divided four lane highway when she approached a controlled intersection. Hampton was traveling west intending to turn left onto the intersecting roadway at the traffic signal. Hampton testified that she made the left turn while the left turn arrow was green and was struck by Griffin as she crossed the oncoming lanes of travel. Griffin testified to the contrary that her light was green when she entered the intersection. Hampton’s car spun around and struck a third car, driven by Linton Bergeron. Bergeron at that point was waiting to turn right onto the highway from the intersecting roadway.
 

 Bergeron testified that he was stopped at the intersection waiting for the green right turn arrow right before the collision. He said that when his turn arrow turned green he looked to his left before entering the intersection and noticed that traffic in the left lane of the highway was coming to a stop. He further noticed a black automobile in the right lane which did not appear to be stopping. This was |sthe car being driven by Griffin. When Hampton made her left turn she was struck by Griffin.
 

 Bergeron said that he could not see the lights for either Griffin or Hampton from his vantage point. However, Deputy Sylvan, the investigating officer, testified that after the accident he and two other deputies inspected the lights at the intersection. This inspection showed that the turn arrows for Hampton and Bergeron would both have been green at the same time, and that at that point Griffin would have had a red light. His conclusion was that Griffin’s failure to stop at her red light was the cause of the accident.
 

 After a bench trial the judge ruled that Griffin had failed to show by a preponderance of the evidence that her light was green and that Hampton’s was red. She entered judgment accordingly, dismissing the suit. This appeal followed.
 

 Griffin’s argument here is that the trial judge committed legal error in ruling that La. R.S. 32:122, dealing in general with left turning vehicles, did not apply to a controlled intersection, and fell into manifest factual error in not finding that Hampton had violated this statute. We disagree with both assertions.
 

 La. R.S. 32:122 provides generally that a left turning motorist must yield to oncoming traffic when that traffic constitutes an “immediate hazard” if the turn is executed. At intersections controlled by turning arrows, there is a second applicable statute, La. R.S. 32:232(l)(b), which pertinently provides that when an arrow signal is present and green, a turning driver may cautiously enter the intersection and yield the right-of-way “to pedestrians ... and to other traffic lawfully using the intersection.” In
 
 Green v. Nunley,
 
 42343, 42344 (La.App. 2 Cir. 8/15/07), 963 So.2d 486, the court ruled that while there is a presumption that a left turning motorist is at fault in an accident, that motorist may rebut the presumption by showing that the turning arrow was green.
 

 |4The factual questions for the trier of act here were thus whether Hampton had a green arrow and whether Griffin was “lawfully using the intersection,”
 
 ie.
 
 proceeding on a green light. As with all factual issues on appeal, the standard of review is that of manifest error. Under that standard, the inquiry is whether a reasonable trier of fact could have made the findings at issue in light of the entire record, and where there are two permissible views of the evidence, the fact-finder’s
 
 *802
 
 choice between them cannot be manifestly erroneous.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880 (La.1993).
 

 The trial judge stated in her reasons for judgment that Griffin had failed to show by a preponderance of the evidence that Hampton did not have a green arrow when she made her turn. Implicit in this finding is that Griffin had a red light and failed to stop. As shown above, Bergeron testified that his right turn arrow turned green and he observed traffic in the left lane of the perpendicular roadway stopping at the light. He also saw Griffin proceeding in the right lane through the light. Deputy Sylvan testified that if Bergeron had a green right turn arrow then Hampton also had a green left turn arrow and Griffin had a red light. It is certainly reasonable on this evidence to conclude that more probably than not Hampton had a green arrow and was thus not at fault in causing the accident. That being so, we are precluded from setting aside these findings.
 

 For the foregoing reasons, the judgment of the district court in favor of defendants is hereby affirmed.
 

 AFFIRMED.